GEORGE KAYE *v.* HENRY DUNCAN.

Lease—Contract of Landlord and Tenant—Improvements.

A lease containing that the lessee should "keep $2,000 insured on the premises for the exclusive benefit of the lessor, during its continuance," held to mean that $2,000 was the amount of improvements kept on the premises by the landlord, and the tenant, in a final settlement should account therefor.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 3, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

January 1, 1856, Fred A. Kaye, appellant's deceased father, leased to appellee a house and lot in Louisville for thirteen years, at an annual rent, payable quarterly, of three hundred dollars for first eight years and four hundred the remaining five years, also a bonus of $200 cash paid and $62.50 back rents on Metcalf's lease.

The lessee was to "keep *two thousand dollars insured* on the premises for the *exclusive benefit* of the party of the first part during the continuance of the lease, the party of the first part to pay fifteen dollars per year in part for the insurance," Another provision of the lease is that should the lessor desire to sell, the lessee is to have "the preference to purchase the lot, *also improvements belonging to the party of the first part.*"

Another covenant is that at the expiration of the lease that "the party of the second part is to have the privilege to *sell his portion of the improvements.*"

These provisions of the lease attest beyond doubt that both parties were to be interested in the improvements.

The evidence establishes that there was a brick dwelling and stable on the premises and that Duncan's object was to erect a different house out of these.

The provision as to insurance witnesses the amount of Kaye's interest in the improvements to be made by Duncan and as this interest was to be kept assured by insurance explains why the covenant, as originally in the draft of the lease, was stricken out before assigned that Duncan should restore the premises with its improvements to Kaye, for if destroyed it would be unjust for Kaye to recover therefor from the insurance company and also from his lessee, Duncan.

The arbitrators having found that the whole improvements were worth only $2200 when Duncan restored the premises and $2000 of this belonging to the lessor left Duncan only two hundred dollars of interest therein.

The chancellor erred, therefore, in decreeing to appellant only the value of the old materials which he fixed at $450—as the covenants of the lease fixed Kaye's interest in the improvements to be made by Duncan at two thousand dollars, probably the conventional value of the buildings then on the premises, but whether for this or other considerations fixed it at that sum.

As this is the only perceivable error the judgment is reversed with directions to correct it as to this.

*Brown & Rodman, for appellant.*

*Thompson & Booth, for appellee.*